**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4438-18T1

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

OSCAR CORTEZ, a/k/a
OSCAR E. CORTEZ,

    Defendant-Appellant.

_____

Submitted September 30, 2020 – Decided October 15, 2020

Before Judges Haas and Natali.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 16-02-0472.

Peter D. Russo, attorney for appellant.

Theodore N. Stephens II, Acting Essex County Prosecutor, attorney for respondent (Barbara A. Rosenkrans, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Oscar Cortez appeals from a May 1, 2019 order denying his petition for post-conviction relief (PCR) after an evidentiary hearing. We affirm.

Defendant, a permanent United States resident born in Colombia, was indicted by a grand jury for third-degree possession of a controlled dangerous substance (heroin), second-degree possession of heroin with the intent to distribute, third-degree possession of heroin with the intent to distribute on school property or within 1000 feet of school property, second-degree possession of heroin with the intent to distribute within 500 feet of a public housing facility, park or building, and fourth-degree resisting arrest.

Defendant pled guilty to possession of heroin with intent to distribute in a school zone and in exchange for his plea the State recommended a probationary sentence and dismissal of the remaining charges. Judge John I. Gizzo sentenced defendant in accordance with the plea agreement to a three-year probationary term and assessed applicable fines and penalties.

At some point undisclosed in the record, immigration authorities instituted removal proceedings against defendant. Defendant filed a timely PCR petition alleging his trial counsel was ineffective because he failed to: 1) explore potential "mental health defenses," 2) set forth a diminished capacity defense,

A-4438-18T1

and 3) advise him to seek the advice of an immigration attorney prior to entering his plea.

Defendant supported his petition with an affidavit of his plea counsel in which he admitted that defendant's girlfriend advised him that defendant had "mental health issues." Counsel also admitted he did not explore defendant's "mental health issues at the time of the plea" or "ask him if he was supposed to be on psychiatric medication or if he had taken any at the time of the plea." Defendant also attached a report from Dr. Grigory S. Rasin, M.D.

In his report, Dr. Rasin indicated he reviewed the plea transcript and certain of defendant's medical records, including a January 7, 2018 psychological evaluation from Robert Johnson, M.A., LPC, LCADC, a certified counselor. Dr. Rasin also conducted a psychiatric examination of defendant at which time defendant advised Dr. Rasin that he used marijuana and cocaine on the day he pled guilty and that his prescribed seizure medication made him "stupid."

After considering these materials, and based on his evaluation, Dr. Rasin concluded that defendant was "mentally and cognitively impaired" at his plea hearing and was unable to "process the proceeding" including the fact that he would likely be deported as a consequence of his guilty plea. He further opined

A-4438-18T1

that due to defendant's low IQ, use of illegal substances in combination with his prescribed medication on the day of his plea, he "was highly suggestible and influenced by his attorney in admitting the guilt."

Judge Gizzo granted defendant's request for an evidentiary hearing where defendant's plea counsel testified. The judge also considered the transcript from the plea hearing and Dr. Rasin's report.

In a May 1, 2019 written opinion, Judge Gizzo concluded that defendant failed to satisfy either prong of the two-part test for ineffective assistance of counsel detailed in Strickland v. Washington, 466 U.S. 688 (1984), and adopted by the New Jersey Supreme Court in State v. Fritz, 105 N.J. 42 (1987). The court determined that: 1) defendant's plea counsel did not have a reason to conclude from the facts and circumstances surrounding his representation that defendant suffered from a mental illness that prevented him from entering a voluntary and knowing plea, 2) defendant was fully informed regarding the immigration consequences of his plea, including the risk of removal, by plea counsel and the court, and 3) there was no support in the record for a diminished capacity defense.

On appeal, defendant argues:

POINT I

IT WAS OBJECTIVELY DEFICIENT FOR [DEFENDANT'S] ATTORNEY TO BE AWARE OF MENTAL HEALTH ISSUES AND NOT AT LEAST OBTAIN RECORDS AND EXPLORE POSSIBLE DEFENSES.

POINT II

THE COURT ERRED BY GIVING NO WEIGHT TO DR. RASIN'S REPORT BY DISMISSING IT AS "SPECULATIVE"; THE DEFENDANT HAD MENTAL [HEALTH] ISSUES THAT CLOUDED HIS JUDGMENT.

POINT III

THE COURT ERRED BY HAVING THE CLIENT'S ATTORNEY ACT AS MEDICAL DOCTOR AND DECIDE THAT THE DEFENDANT DID NOT HAVE A MENTAL ISSUE.

Our review of a PCR claim after a court has held an evidentiary hearing "is necessarily deferential to [the] PCR court's factual findings based on its review of live witness testimony." State v. Nash, 212 N.J. 518, 540 (2013); see also State v. O'Donnell, 435 N.J. Super. 351, 373 (App. Div. 2014) ("If a court has conducted an evidentiary hearing on a petition for PCR, we necessarily defer to the trial court's factual findings."). Where an evidentiary hearing has been held, we should not disturb "the PCR court's findings that are supported by sufficient credible evidence in the record." State v. Pierre, 223 N.J. 560, 576

5

(2015) (citations omitted).  We review any legal conclusions of the trial court de novo.  Nash, 212 N.J. at 540-41; State v. Harris, 181 N.J. 391, 419 (2004). Against this standard of review, we find no merit to the contentions raised by defendant and affirm substantially for the reasons set forth by Judge Gizzo in his written decision.  We offer the following additional comments to amplify our decision.

The Sixth Amendment to the United States Constitution and Article I, Paragraph 10 of the New Jersey Constitution guarantee a criminal defendant "the right to the effective assistance of counsel."  State v. Nash, 212 N.J. 518, 541 (2013) (quoting Strickland, 466 U.S. at 686).  Under the first prong of the Strickland standard, a petitioner must show counsel's performance was deficient. Ibid.  It must be demonstrated that counsel's handling of the matter "fell below an objective standard of reasonableness," id. at 688, and that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," id. at 687.

Under the second prong of the Strickland test, a "defendant must show that the deficient performance prejudiced the defense."  Ibid.  A defendant must demonstrate there is a "reasonable probability that, but for counsel's

unprofessional errors, the result of the proceeding would have been different." Id. at 694.

In the context of a PCR petition challenging a guilty plea based on the ineffective assistance of counsel, the second prong is established when the defendant demonstrates a "reasonable probability that, but for counsel's errors, [the defendant] would not have pled guilty and would have insisted on going to trial," State v. Nuñez–Valdéz, 200 N.J. 129, 139 (2009) (alteration in original) (quoting State v. DiFrisco, 137 N.J. 434, 457 (1994)), and that "a decision to reject the plea bargain would have been rational under the circumstances," Padilla v. Kentucky, 559 U.S. 356, 372 (2010).

A petitioner must establish both prongs of the Strickland standard to obtain a reversal of the challenged conviction. Strickland, 466 U.S. at 687; Nash, 212 N.J. at 542; Fritz, 105 N.J. at 52. A failure to satisfy either prong of the Strickland standard requires the denial of a PCR petition. Strickland, 466 U.S. at 700.

With respect to defendant's first argument, Judge Gizzo found that at no point during plea counsel's representation did counsel "feel any reason to believe that [d]efendant suffered from any mental issues" that would render him unable to enter a knowing and voluntary plea. The court's finding was amply supported

7

by the record, which included testimony from plea counsel that he met with defendant at least six times during his representation and defendant actively participated in his defense. Plea counsel further testified that had he observed defendant engage in any concerning behavior, he would have informed the court and sought a medical evaluation as he did in other cases.

In addition, where, as in this case, a defendant claims that his or her trial attorney "inadequately investigated his case, he must assert the facts that an investigation would have revealed, supported by affidavits or certifications based upon the personal knowledge of the affiant or the person making the certification." State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). "[B]ald assertions" of deficient performance are insufficient to support a PCR application. Ibid.

Before the PCR court defendant failed to identify any specific and relevant medical record that existed at the time he sold heroin near a school, or when he pled guilty, that would have informed counsel's consideration or affected the outcome of the proceeding. In fact, the record fails to include an affidavit or certification from defendant supporting any of his claims.

Further, "representations made by a defendant . . . concerning the voluntariness of the decision to plead, . . . constitute a 'formidable barrier' which

defendant must overcome." State v. Simon, 161 N.J. 416, 444 (1999) (quoting Blackledge v. Allison, 431 U.S. 63, 74 (1977)). "That is so because [defendant's] '[s]olemn declarations in open court carry a strong presumption of verity.'" Ibid. (quoting Blackledge, 431 U.S. at 74.)

Here, Judge Gizzo explained that he presided over defendant's plea hearing and was "satisf[ied] that [d]efendant entered a knowing and voluntary plea" and characterized defendant as "alert, lucid and responsive." The judge further explained that defendant was primarily concerned with receiving a non-custodial term and "not once objected . . . between plea and sentencing" to the favorable plea offer or sought to proceed to trial.

Defendant's reliance on State v. O'Donnell, 435 N.J. Super. 351 (App. Div. 2014), for the proposition that "an attorney's representation cannot be considered effective if he . . . is aware that his client has mental health issues but does not explore them" is misplaced as that case is factually distinguishable. In O'Donnell, defendant's counsel previously advised defendant she had a colorable diminished capacity defense to a murder charge based on a psychiatric report that concluded defendant's "mental capacity was so impaired that she was unable to engage in purposeful conduct." Id. at 362. The night before the plea hearing, however, and after failing to ensure completion of a second psychiatric

examination, counsel allegedly advised defendant to instead plead guilty to murder with a thirty-year sentence and a thirty-year period of parole ineligibility or she would "get life." Id. at 364-65.

After the trial court denied defendant's PCR petition and motion to withdraw her guilty plea, we remanded the matter for an evidentiary hearing on defendant's PCR claim. We concluded that "defendant presented a plausible claim, supported by the court's finding of [plea counsel's] misrepresentation and dereliction of professional duty, that her [plea counsel] failed to confer with her to obtain a second expert opinion as promised and urged her to plead guilty without adequate explanation . . . ." Id. at 376.[1]

_____

[1] The federal cases cited by defendant, see Newman v. Harrington, 726 F.3d 921 (7th Cir. 2013), Miller v. Dretke, 420 F.3d 356 (5th Cir. 2005), and Saranchak v. Beard, 616 F.3d 292 (3d Cir. 2010), are similarly distinguishable. In Newman, unlike here, defendant's "petition was supported by a wealth of evidence, including [a psychologist report] who opined that [defendant] had cognitive deficits, specifically that he [was] moderately to mildly mentally retarded" and was unfit to stand trial. Defendant's psychologist also stated that defendant's "cognitive deficits [were] readily apparent" and "should have been apparent to anyone who attempted to have a conversation with [him] . . . ." Newman, 726 F.3d at 923. In Miller, defendant suffered from organic brain syndrome, post-traumatic stress syndrome and difficulties with cognitive function resulting from a car accident. Miller, 420 F.3d at 359. Instead of calling an expert witness at trial to attest to these facts, counsel instead relied upon testimony from defendant and her husband. Id. at 361-362. Finally, in Saranchak, the court similarly concluded defendant's trial counsel was ineffective for relying on lay testimony at defendant's degree of guilt hearing in

The record here bears no similarity to that before the O'Donnell court. First, unlike in that case, Judge Gizzo conducted an evidentiary hearing and made comprehensive factual findings. Based on those findings, Judge Gizzo correctly concluded there was no support in the record for a diminished capacity defense and plea counsel was not derelict in his professional duties under the performance prong of the Strickland test at any point in his representation of defendant. Nor did plea counsel here mispresent any fact to defendant or improperly recommend defendant plead guilty.

As to defendant's second point, and applying the aforementioned standard of review, we have no reason to disturb Judge Gizzo's finding that Dr. Rasin's opinions were speculative. Dr. Rasin opined on defendant's medical condition over two years after the plea hearing. Although we recognize the necessary retrospective nature of such reports, the record here is devoid of any medical documentation contemporaneous with the commission of the offense or defendant's plea that support Dr. Rasin's diagnoses or which identify the specific medical condition defendant suffered from that diminished his ability to form

---

support of defendant's diminished capacity defense based on excessive alcohol consumption rather than offer expert testimony. Saranchak v. Beard, 616 F.3d at 308. As is readily apparent, the record of defendants' mental health issues, and counsel's deficient performance and the resulting prejudice, in those cases bears no resemblance to the facts and circumstances here.

the mens rea for the school zone offense to which he pled guilty or from entering a knowing and voluntary plea.

We also note that although Dr. Rasin stated that defendant self-reported marijuana use the day of the plea hearing, defendant denied such use during the plea hearing and he advised Robert Johnson that he stopped using marijuana three years prior to January 7, 2018 and "had never had a dirty urine since." Mr. Johnson also concluded that at the time of his January 7 evaluation, defendant "showed remarkably good insight and his judgment seemed to be intact."

We also reject defendant's third point that defendant improperly acted as a "medical doctor." As Judge Gizzo concluded, plea counsel's representation of defendant was consistent with professional norms as required by Strickland. Finally, we are satisfied that defendant failed to establish that there was a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S at 669, 694.

In sum, Judge Gizzo's conclusion that defendant failed to satisfy either the performance or prejudice prong of the Strickland test is amply supported by the record. To the extent we have not addressed any of defendant's arguments, it is because we conclude they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-4438-18T1